IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SANDRA HUISMAN                                                                   PLAINTIFF

v.                              CIVIL NO. 10-5082

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sandra Huisman, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits. (Doc. 1). The Defendant filed an answer to Plaintiff's action on August 26, 2010, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. 6). Plaintiff filed an appeal brief on September 27, 2010. (Doc. 8).

On November 19, 2010, the Commissioner, having changed positions, filed a motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. 11). The Defendant states that upon remand, the ALJ will further evaluate Plaintiff's mental impairments, the limitations arising from such, and compare these limitations with the mental demands of Plaintiff's past relevant work.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A

remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above appropriate.

Based on the foregoing, we find remand appropriate and grant the Commissioner's motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 9th day of December 2010.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)